# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

RICHARD CROWELL,
          Petitioner,

v.                                 CIVIL ACTION NO. 11-12171-JLT

LUIS S. SPENCER, COMMISSIONER
OF CORRECTION,
          Respondent.

## MEMORANDUM AND ORDER

TAURO, D.J.

### BACKGROUND

On December 8, 2011, Petitioner Richard Crowell ("Crowell"), a prisoner in custody at MCI Norfolk in Norfolk, Massachusetts, filed a self-prepared petition for writ of habeas corpus purportedly under the auspices of 28 U.S.C. § 2254 seeking an Order for his release from state custody.

Crowell's petition is skeletal and virtually unintelligible. From what can be gleaned from the petition, he alleges that in 1974 he asked (then) Governor Sargent to commute his life sentence for second degree murder. A hearing was held on December 31, 1974 and his sentence ultimately was commuted from life to a term of 36 years to life.

The background of Crowell's criminal case, gleaned from other records of this Court, reveals that Crowell pled guilty to second degree murder in 1962, and was sentenced to life imprisonment. In 1974, the Governor commuted his sentence to 36 years to life. He was paroled in 1975, but over the next 15 years committed numerous parole violations which eventually resulted in his parole being permanently revoked. He returned to prison in 1990, and his numerous requests for parole have all been denied.

Crowell contends in this petition that his parole was revoked in 1990 for no reason, that

the Parole Board was not fair in revoking his parole, and not fair in giving him a three-year set back each time he saw the full Parole Board. In 2007, Crowell saw the full Parole Board and was given a five-year set back. He contends that because of his commuted term of 36 years, which expired on January 5, 1998, he should have a hearing on his case and a Court Order for release from custody.[1]

Crowell failed to pay the $5.00 filing fee for habeas petitions, or to seek a waiver thereof in accordance with 28 U.S.C. § 1915.[2]

## DISCUSSION

I.    The Filing Fee

A party filing a habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings *in forma pauperis*). The motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2) of the Rules Governing Section 2254 cases.

Here, Crowell has not satisfied this Court's filing fee requirements, and therefore this action is subject to dismissal. This Court need not afford Crowell an opportunity to resolve the filing fee issue, however, because this action will be DISMISSED for the reasons set forth

---

[1] In a prior habeas petition, Crowell indicated that he is not scheduled for a full hearing before the Parole Board until some time in August 2012.

[2] This action was initially assigned to Judge William G. Young. On December 9, 2011, Judge Young issued an Order of Recusal, and this action was reassigned to the undersigned.

below.

II.     Failure to State a Cognizable Habeas Claim

A review of Crowell's litigation history reveals that this is his sixth petition for writ of habeas corpus in which he disputes the Massachusetts Parole Board's interpretation of his sentence and his parole eligibility. Two of those petitions were dismissed pursuant to Rule 4 of the Rules Governing Section 2254 cases, and two were dismissed in response to motions. See Crowell v. Dennehy, C.A. 04-12083-RWZ; Crowell v. Dennehy, C.A. 04-11338-RWZ; Crowell v. Maloney, C.A. 02-11161-RWZ, Crowell v. Maloney, C.A. 99-10544-RWZ.[3]

More recently, on March 29, 2010, Crowell filed a fifth habeas petition. See Crowell v. Clarke, C.A. 10-10502-RWZ. Judge Zobel issued a Memorandum and Order (Docket No. 11) dismissing the habeas petition pursuant to 28 U.S.C. § 2243, stating that Crowell's petition and later filed letters failed to add anything new to his prior, unsuccessful habeas petitions, and failed to state any cognizable habeas claim upon which relief may be granted. Judge Zobel noted:

> As this Court has previously stated:
>
> To the extent Mr. Crowell complains about the Parole Board's interpretation of the sentence, that matter is not properly before the court; to the extent he seeks an explanation of the Parole Board's interpretation, this is not the forum to do that; to the extent he seeks assistance with the Parole Board, the court cannot and should not give advice.

Memorandum and Order (Docket No. 11 at 3) (entered April 16, 2010).

---

[3]In Crowell's 2002 case, Judge Zobel noted that, with respect to each of his earlier cases, "Crowell attributed the Parole Board's denial to its view that his sentence for parole purposes is life imprisonment, not the term of 36 years, which apparently limits the number of parole hearings available to him and, perhaps, dictates denial of parole." Crowell v. Maloney, C.A. 02-11161-RWZ, Memorandum (Docket No. 25 at 2).

Further, Judge Zobel warned Crowell that should he continue to reassert claims previously asserted and rejected by this Court (*i.e.*, challenges to the Massachusetts Parole Board actions with respect to parole decisions based on the interpretation of the impact of the commutation of his sentence) he could be subject to sanctions, including an order enjoining him from filing further habeas petitions absent prior permission of a judicial officer. Id. at 3. Additionally, Judge Zobel prohibited Crowell from filing documents in the form of "letters" to this Court, and that no action would be taken on any document submitted for filing which failed to comply with her directives. Id. at 3-4.

Here, Crowell's habeas petition can fare no better than his five prior petitions. Again, he simply reasserts allegations raised in his prior petitions, but adds nothing new to the mix. Without belaboring the matter, on its face, the instant petition fails to state any cognizable claim upon which habeas relief may be granted.

As a final matter, at this juncture, Crowell's continued assertion of habeas claims that reiterate his prior claims constitutes a frivolous and abusive pleading practice. Such continued bites at the apple not only waste the scarce judicial resources of the Court, but serve as a detriment to other litigants seeking to be heard in this Court.

Accordingly, in order to ensure further judicial resources are not unnecessarily wasted, it is hereby Ordered that Crowell is <u>ENJOINED</u> from filing any further documents (habeas petitions, letters, motions) that seek to reassert matters previously asserted and rejected by this Court in the cases referenced herein. Should Crowell seek habeas relief in the future regarding his parole eligibility, he must file a habeas petition that sets forth his habeas claim in a coherent fashion, and must include a clear and concise statement of the <u>new</u> grounds for relief; he may not

reiterate claims previously asserted in his six habeas petitions. Crowell is also PROHIBITED from filing documents in the form of "letters" to this Court in connection with this action. No action would be taken on any document submitted for filing which fails to comply with these directives.

Crowell is warned that failure to comply with any of these directive may result in the imposition of further sanctions.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Petitioner Crowell's habeas petition is DENIED and this action is DISMISSED;

2. Petitioner Crowell is hereby ENJOINED from filing any further documents (habeas petitions, letters, motions) that seek to reassert matters previously asserted and rejected by this Court. Should Crowell seek habeas relief in the future regarding his parole eligibility, he must file a habeas petition that sets forth his habeas claim in a coherent fashion, and must include a clear and concise statement of the new grounds for relief; he may not reiterate claims previously asserted in his six habeas petitions; and

3. Petitioner Crowell is PROHIBITED from filing documents in the form of "letters" to this Court in connection with this action. No action would be taken on any document submitted for filing which fails to comply with these directives.

SO ORDERED.

/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

DATED: December 14, 2011